# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David M. Appell,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0297** (Jefferson County CC-19-2017-C-43)

**Bella Doe, Cindy Erickson-Cross,**
**Defendants Below, Respondents**

**FILED**
**June 25, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David M. Appell, by counsel Steven Brett Offutt, appeals the February 21, 2019, order of the Circuit Court of Jefferson County denying his motion to alter or amend judgment. Respondent Cindy Erickson-Cross, by counsel Christopher D. Janelle, filed a response in support of the circuit court's order. The identity of Respondent Bella Doe remains unknown; accordingly, Respondent Doe has not made an appearance in this case by counsel or otherwise. On appeal, petitioner argues that the circuit court erred in dismissing his complaint sua sponte, finding that he failed to state a claim for which relief could be granted.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was in a romantic relationship with Respondent Erickson-Cross. In February of 2016, Respondent Erickson-Cross received emails from a person known only as "Bella." The emails contained explicit text messages, photographs, and videos depicting petitioner's unfaithfulness to Respondent Erickson-Cross. Upon seeing this information, Respondent Erickson-Cross ended her relationship with petitioner. On February 23, 2016, Respondent Erickson-Cross communicated on social media with petitioner's mother and informed her that petitioner had been unfaithful.

On February 22, 2017, petitioner filed an amended complaint in circuit court seeking damages from respondents for violation of the West Virginia Computer Crime and Abuse Act, defamation of character, and invasion of privacy. The court heard oral arguments on September 25, 2017. On October 30, 2017, the court dismissed petitioner's amended complaint with prejudice

1

finding that the amended complaint failed to satisfy each of the elements of defamation. Specifically, the court determined that petitioner failed to establish the element of falsity as the amended complaint itself alleged that Respondent Erickson-Cross was in possession of the information referred to in her allegedly defamatory statements to petitioner's mother. On February 21, 2019, petitioner filed a motion to alter or amend judgment of the October 30, 2017, Order. The circuit court denied this motion by order dated February 21, 2019. It is from the February 21, 2019, order that petitioner now appeals.

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). The underlying judgment upon which petitioner's motion is based and from which his appeal is filed is an order dismissing petitioner's complaint for defamation with prejudice. We review a motion to dismiss a complaint *de novo*. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.").

On appeal, petitioner first argues that the circuit court erred in dismissing his complaint sua sponte. Petitioner notes that his initial complaint was filed against an unknown person, Respondent Doe, and alleged violations of the West Virginia Computer Crime and Abuse Act, invasion of privacy, and intentional infliction of emotional distress. Petitioner then amended his complaint to include Respondent Erickson-Cross and alleged that she defamed his character. Respondent Erickson-Cross moved for dismissal of the defamation action. Petitioner argues that the circuit court erred in dismissing the complaint in its entirety without properly addressing the complaints against Respondent Doe and that doing so violated his right to due process. However, it appears from a review of the record that this appeal is the first-time petitioner has raised the issue of the dismissal of all of his amended complaint below. We have held that "[w]here objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal." *State Road Comm'n v. Ferguson*, Syl. Pt. 1, 148 W. Va. 742, 137 S.E.2d 206 (1964). Therefore, we will not further consider petitioner's first assignment of error.

Petitioner's second assignment of error is that the circuit court erred in finding that petitioner failed to state a claim for which relief could be granted. Petitioner argues that he showed each element necessary to prove his defamation claim.

This Court has held that "[t]he essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury."

Syl. Pt. 1, *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 320 S.E.2d 70 (1983).

Petitioner asserts that Respondent Erickson-Cross (1) made untrue statements regarding petitioner's faithfulness, (2) that the communication was made to petitioner's mother, a nonprivileged third party, (3) that the statements made were false, (4) that the statements referenced petitioner, (5) that Respondent Erickson-Cross should have known the statements to be false and negligently told petitioner's mother anyway, and (6) that the untrue statements caused petitioner injury. Petitioner argues that he complied with the requirements for stating his claim and that he showed that he suffered mental anguish and severe emotional distress as a result of Respondent Erickson-Cross's defamatory statements.

We find no merit in petitioner's second assignment of error because he failed to satisfy all of the necessary elements of defamation of character. Specifically, petitioner failed to show that the information Respondent Erickson-Cross relayed to his mother was false or that Respondent Erickson-Cross was negligent in relaying said information. Here, the record establishes that Respondent Erickson-Cross received an email that included explicit text messages, photographs, and videos depicting petitioner's unfaithfulness. As found in the circuit court's October 30, 2017, dismissal of petitioner's complaint, "[p]laintiff fails to satisfy the element of falsity, as the Amended Complaint itself indicates that Defendant was actually in receipt of the information referred to in her allegedly defamatory statement."

For the foregoing reasons, we affirm the circuit court's February 21, 2019, denial of petitioner's motion to alter or amend judgement.

Affirmed.

**ISSUED:** June 25, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison